MEMORANDUM **
Austin Bryan and the Estate of Glenna Bryan appeal from the district court’s summary judgment in their 42 U.S.C. § 1983 excessive force action against the Las Vegas Metropolitan Police Department (METRO police) and four of its officers. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here except as necessary to explain our decision.
First, the district court did not err by finding that the three defendants who did not fire at Austin Bryan were entitled to summary judgment because Appellants failed to show that the officers participated in any behavior that caused the deprivation of any right. Officers who are merely present at the time of an unlawful search cannot be held liable under § 1983 without evidence of “either integral participation or personal involvement.” Jones v. Williams, 297 F.3d 930, 936 (9th Cir.2002). Appellants do not allege that these three officers fired shots or engaged in any other activities that might be construed as excessive force. See Duran v. City of Maywood, 221 F.3d 1127, 1131 (9th Cir.2000) (concluding *134 that uniformed officers did not act unreasonably in walking up a driveway with their guns drawn without announcing their presence when responding to a report that shots had been fired); see also Billington v. Smith, 292 F.3d 1177, 1190 (9th Cir.2002) (noting a plaintiff may not “establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided”).
Second, the district court did not err in dismissing Appellants’ municipal liability claims after finding that Appellants failed to meet them burden of proving a policy allowing unreasonable use of deadly force. The Appellants do not offer any proof that the METRO police had a policy or practice that showed deliberate disregard for Appellants’ constitutional rights, or any proof that a METRO policy or practice was the moving force behind any constitutional violations. See Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir.2002). Thus, the district court was correct in determining that the Appellants’ claims against METRO police cannot stand.
Third, the district court did not err in granting summary judgment on Appellants’ state law causes of action. The district court, pursuant to Nev.Rev.Stat. § 41.032, granted summary judgment as to the state law claims on the basis of state law discretionary-act immunity, citing University of Nevada, Reno v. Stacey, 116 Nev. 428, 997 P.2d 812, 816 (2000). Although this is the correct result, the Nevada Supreme Court has modified its state law discretionary-act immunity doctrine since Stacey. See Martinez v. Maruszczak, 123 Nev. 433, 168 P.3d 720 (2007). Martinez adopted the general principles of federal jurisprudence as to discretionary-function immunity, id. at 727, holding that the actions of state actors are entitled to discretionary-act immunity if their decision (1) involves an element of individual judgment or choice and (2) is based on considerations of social, economic, or political policy, id. at 729. The Nevada Supreme Court clarified that “decisions at all levels of government, including frequent or routine decisions, may be protected by discretionary-act immunity, if the decisions require analysis of government policy concerns.” Id.
Appellees bring state law claims against the METRO police for negligent training and/or supervision. As noted, Nevada looks to federal decisional law for guidance on what type of conduct discretionary immunity protects. See id. at 727-28. Our court has held that “decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield.” Vickers v. United States, 228 F.3d 944, 950 (9th Cir.2000). Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds that training and supervision are acts entitled to such immunity, METRO police is entitled to discretionary immunity on this claim. The actions of the individual officers are also protected under Nev.Rev.Stat. § 41.032, as their handling of the confrontation with Austin Bryan led to discretionary decisions that “were concerning the scope and manner in which [the agency] conducts an investigation,” based on the policies of the METRO police, and did not “violate a mandatory directive.” Vickers, 228 F.3d at 951 (citations omitted).
Fourth, the district court did not err by finding that defendants could not be liable for punitive damages arising out of the state law claims. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), bars Appel *135 lants for recovering punitive damages in their § 1983 claim against the municipality or the METRO police, and Nev.Rev.Stat. § 41.035(1) bars punitive damages arising out of the state claims for both the individual officers and for the METRO police. Appellants’ punitive damages claim against individual officers in their § 1983 claim fail as well, because the officers’ conduct did not involve reckless or callous indifference to the federally protected rights of others. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).
However, the district court erred in granting summary judgment to Officer Rubio on qualified immunity grounds because a key fact is disputed. The factual dispute is over whether Rubio identified himself as a police officer prior to ordering Bryan to drop his gun and before shooting him. Had Rubio failed to identify himself as a police officer before telling Bryan to drop his gun — as Bryan and his mother claim — Bryan would have had no duty to drop his gun (or else be shot) at the insistence of an unidentified intruder. The existence of this factual dispute was explicitly recognized by the district court but thought not to preclude summary judgment. However, on summary judgment all justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
This case is thus similar to Sledd v. Lindsay, 102 F.3d 282, 288 (7th Cir.1996), where the Seventh Circuit held the officers were not entitled to qualified immunity under the plaintiffs version of events. There, the plaintiff alleged that the officers broke into his home without announcing themselves and without wearing any police insignia. Id. at 285-86. The plaintiff, believing the officers to be unlawful intruders, grabbed his gun and was then shot by the police. Id. at 286. The court identified two “crucial” factual questions precluding summary judgment: whether the officers announced their presence and whether they were justified in shooting the plaintiff under the circumstances. Id. at 288. The court’s holding is readily applicable here: “Given the significance of the disputed issues of fact here, qualified immunity from suit is effectively unavailable, even though after a full trial the officers may yet prevail on the merits.” Id.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.